IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER PEREZ, | : | |
|     Petitioner | : | |
| | : | No. 1:19-cv-570 |
|     v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

# MEMORANDUM

## I. BACKGROUND

On March 27, 2019, pro se Petitioner Javier Perez ("Petitioner"), who was then incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a motion for an order requiring the Bureau of Prisons ("BOP") to recalculate his good conduct time pursuant to the First Step Act of 2018 in the United States District Court for the Eastern District of Pennsylvania. See United States v. Perez, No. 2:14-cr-611 (E.D. Pa.) (Doc. No. 121). Petitioner notes that his projected release date is currently July 23, 2019. (Id. at 1.) He argues that recalculation of his good conduct time would result in a release date of June 25, 2019. (Id.)

The United States filed a response on March 29, 2019, arguing that: (1) the pertinent provisions of the First Step Act have not yet gone into effect; (2) Petitioner had not claimed to have exhausted his administrative remedies; and (3) Petitioner's motion, construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, should have been filed in the district of his confinement. (Id., Doc. No. 123). By Order entered on April 1, 2019, the Eastern District of Pennsylvania construed Petitioner's motion as a petition pursuant to 28 U.S.C. § 2241 and transferred the matter to this Court for consideration. (Id., Doc. No. 124).

In an administrative order filed April 9, 2019, Petitioner was directed either to pay the requisite filing fee or file a signed motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 3.)[1] On April 26, 2019, Petitioner filed a motion for leave to proceed in forma pauperis (Doc. No. 5), as well as a notice of change of address indicating that he is now located at the Residential Community Center in Philadelphia, Pennsylvania (Doc. No. 6). For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition (Doc. No. 1) without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." See Schmutzler v. Quintana, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. See id. at *2. Thus, section 102(b)(1) "will not take effect until approximately mid-July

---

[1] From henceforth, references to document numbers refer to filings in the above-captioned case.

2019." Christopher v. Wilson, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Petitioner's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. See Pizarro v. White, No. 1:19-cv-343, 2019 WL 1922437, at *1-2 (M.D. Pa. Apr. 30, 2019) (dismissing § 2241 petition based on the delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); Crittendon v. White, No. 1:19-cv-669, 2019 WL 1896501, at *1-2 (M.D. Pa. Apr. 29, 2019) (summarily dismissing § 2241 petition based on the delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); Schmutzler, 2019 WL 727794, at *2 (same); see also Dailey v. Bureau of Prisons, No. 1:19-0662-RMG, 2019 WL 2089167, at *1 (D.S.C. May 13, 2019); Butler v. Warden, Williamsburg FCI, No. 4:19-0726-MBS, 2019 WL 2088627, at *1 (D.S.C. May 13, 2019); Brown v. Warden of FCI Williamsburg, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); Rizzolo v. Puentes, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); Sheppard v. Quintana, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); Sennett v. Quintana, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

Moreover, Petitioner's argument that delayed implementation of these provisions violates due process lacks merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. See 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

3

Perez v. Zenk, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); see also Molina v. Underwood, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be dismissed without prejudice. An appropriate Order follows.